Mark J. Gregersen, #6553
10 W. Broadway, Suite 505
Salt Lake City, Utah 84101
801-747-2222
Attorney for Defendant Pierce

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>v.<br>KEITH MAX PIERCE,<br>   Defendant. | Case No. 2:13cr526 DN<br><br>DEFENDANT'S<br>MOTION IN LIMINE<br>TO EXCLUDE REFERENCE<br>TO SCOOTER, THEFTS,<br>CREDIT CARDS,<br>AND OTHER EVIDENCE |
|---|---|

    Defendant Keith Pierce through his attorney Mark J. Gregersen, requests that this court enter an Order in Limine, to prevent discussion in opening statement, questioning of witnesses, or closing argument, of plans to perform, or performance, of various alleged "bad acts," including theft of a scooter and other items; use an RFID reader; and purchase/use of credit cards.

**BACKGROUND**

    Defendant Pierce is charged with firearms offenses: acting as a dealer without a license, and possessing a machinegun with the serial number obliterated. At trial, it is anticipated that the government will offer proof that Mr. Pierce made a rifle into a machinegun with an obliterated serial number, and sold it to an undercover agent. And, it is anticipated that the defense will allege entrapment, that defendant was (1) induced to commit the crime by a government agent; and (2) not otherwise predisposed to commit the crime. [Mathews v. United States, 485 U.S. 58,

- 1 -

62-63 (1988).]

Defendant has requested notice from the government of intent to offer evidence under Federal Rule of Evidence 404(b) as to prior bad acts. To date, the government has given no such notice. However, defendant brings this motion in an abundance of caution, and seeks an early determination by the court, to allow adequate preparation for trial.

Specifically, it is plausible that the government may offer at trial to show predisposition or for other unknown purposes, information asserted by the government in discovery, including the following alleged acts, of which defendant has been <u>neither charged nor convicted</u>:

1) That defendant stole a motor scooter, placed it in a storage unit, and modified the ignition; that the scooter was reported stolen by its owner; and that defendant planned to repaint it, replace the VIN number, perhaps steal the key to it, find a license plate to place on it, and obtain a salvage title.

2) That defendant participated in stealing bikes, camping gear, tools, and other items throughout Provo, Utah; planned to buy a cutting tool for other thefts; and spoke of plans to steal train cars to sell for scrap.

3) That defendant arranged the installation of an RFID reader on a cash register, to obtain money from credit card transactions; and purchased credit cards then used to purchase other items.

## ANALYSIS

<u>Not relevant</u>. Predisposition may be defined as a defendant's inclination to engage in "the illegal activity <u>for which he has been charged</u> …. Predisposition may be inferred from a defendant's history of involvement in <u>the type of criminal activity for which he has been charged</u> …." <u>United States v. Ortiz</u>, 804 F.2d 1161 (10th Cir. 1986) (emphasis added).

Though "bad acts" evidence is sometimes admissible to show predisposition, it is not so here: The alleged theft of a scooter or other items, and allegations of the other bad acts, show no involvement in the type of crime for which Mr. Pierce has been charged, namely firearms violations. Therefore, such evidence should be excluded. <u>Cf</u>., <u>United States v. Van Horn</u>, 277 F.3d 48 (1st Cir. 2002) (allowing evidence that defendant engaged in prior burglary of explosives depot, to show predisposition to participate in explosives crime).

<u>Unfair prejudice</u>: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 403.

Here, the scooter and other assertions, are entirely devoid of probative value, and create a grave risk of unfair prejudice by inflaming the jury against Mr. Pierce, and of confusing the issues. Mr. Pierce is not on trial for, has not been convicted of, nor even been charged with, stealing a scooter, or performing the other bad acts asserted. The probative value of these assertions (none), even if proved, is substantially outweighed by the danger of unfair prejudice and confusing of issues.

Dated this 17 day of January 2014.         /S/ Mark J. Gregersen_____
                                          MARK J. GREGERSEN
                                          Attorney for Defendant

*Certificate of Service*

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

        Scott B. Romney, Assistant U.S. Attorney

Dated this 17 day of January 2014.         _/S/ Mark J. Gregersen_____
                                          Mark J. Gregersen


C:\Biz Clt\Miranda-Cortez\Pleadings\Mot to Limine 11-26-2012.docx