DAVID B. BARLOW, United States Attorney (#13117)
SCOTT B. ROMNEY, Assistant United States Attorney (#10270)
Attorneys for the United States of America
185 South State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH MAX PIERCE,<br><br>Defendant. | RESPONSE TO DEFENDANT'S MOTION IN LIMINE |

      COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to Defendant's Motion in Limine to Exclude Reference to Scooter, Thefts, Credit Cards, and Other Evidence.

      Defendant was indicted with three counts of violations of federal firearms laws: Failure to Register as a Dealer and Manufacturer in violation of 26 U.S.C. § 5861(a); Illegal Possession of a Machine Gun in violation of 18 U.S.C. § 922(o); and Possession of a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. § 922(k).

      In short, the charges against Defendant allege that he manufactured, possessed, and attempted to sell to an undercover FBI agent a fully automatic AR-15 assault rifle that had an obliterated serial number. As such, the United States plans to introduce all relevant evidence that tend to establish the elements of each crime charged.

The United States does not, however, intend to introduce in its case-in-chief the evidence of which Defendant seeks to exclude. Specifically, Defendant seeks to exclude evidence:

  (1) That defendant stole a motor scooter, placed it in a storage unit, and modified the ignition; that the scooter was reported stolen by its owner; and that defendant planned to repaint it, replace the VIN number, perhaps steal the key to it, find a license plate to place on it, and obtain a salvage title.

  (2) That defendant participated in stealing bikes, camping gear, tools, and other items throughout Provo, Utah; planned to buy a cutting tool for other thefts; and spoke of plans to steal train cars to sell for scrap.

  (3) That defendant arranged the installation of an RFID reader on a cash register, to obtain money from credit card transactions; and purchased credit cards then used to purchase other items.

Defendant's Motion at 1-2 (Docket #38-1.

The United States does not seek to introduce any of the above-stated evidence in its case-in-chief at trial. The government agrees that such evidence does not tend to establish the elements of the offenses charged against Defendant. As with any case, however, it is impossible to predict what defense Defendant will advance, if any, at trial, and such evidence may become admissible impeachment evidence. The Court should, therefore, strike Defendant's Motion in Limine as moot given the government's declaration that it does not intend to introduce any of this evidence in its case-in-chief. In the event that during the course of the trial such evidence becomes relevant as rebuttal or impeachment evidence, the government will inform Defendant and the Court of its intention to introduce the evidence so that the Court, with the benefit of the record and in the context of the case, can make an appropriate ruling as to its admissibility.

For the foregoing reasons, the Court should DENY the Defendant's Motion as moot, or in the alternative, reserve ruling on the motion until trial.

DATED this 21st day of February, 2014.

        DAVID B. BARLOW
        UNITED STATES ATTORNEY

        /s/ Scott B. Romney
        _____
        SCOTT B. ROMNEY
        ASSISTANT UNITED STATES ATTORNEY